(90 South. 59)

## T. L. FARROW MERCANTILE CO. v. VEST.
### (8 Div. 812.)

(Court of Appeals of Alabama. June 30, 1921.)

**1. Corporations ⬠432(5)—Relation of party to whom notice given must be shown.**

In an action against a corporation for the statutory penalty under Code 1907, § 4898, for failure to enter satisfaction of a mortgage, evidence that notice to enter the satisfaction was given to F. with no showing as to his relation, if any, to the corporation, would not support a judgment.

**2. Corporations ⬠397—Bound only by agent's acts within scope of agency.**

A corporation is bound only by the acts of its agents acting within the line and scope of their agency.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Action by R. P. Vest against the T. L. Farrow Mercantile Company, for damages for failure to enter satisfaction on the margin of a mortgage record. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

John A. Lusk & Son, of Guntersville, for appellant.

The court erred in giving the affirmative charge for the plaintiff and refusing a like charge for the defendant. 2 May. 561; 5 May. 150; 6 May. 104.

D. Isbell, of Guntersville, for appellee.

Counsel insist that, under sections 4898 and 5303, the evidence sufficiently shows that notice was served upon the defendant.

BRICKEN, P. J. This was action brought by R. P. Vest against T. L. Farrow Mercantile Company, a corporation, to recover the penalty of $200, provided by section 4898 of the Code of 1907, for the failure of a mortgagee, for more than two months after written request to do so, to enter the fact of satisfaction on the margin of the record of the mortgage. There was a judgment for plaintiff, and from this judgment the defendant appealed.

The trial court gave the affirmative charge for the plaintiff, and this action of the court is the basis of one of the three assignments of error. The bill of exceptions purports to set out all of the evidence offered at the trial of this cause. The defendant introduced no evidence whatever and the case was submitted upon plaintiff's testimony alone.

[1, 2] The defendant was a corporation and the notice to enter satisfaction of the mortgage was given to a Mr. Farrow. We have read over the evidence set out in the bill of exceptions with great care. There was no proof or evidence before the trial court that Mr. Farrow, the person to whom the notice was given, was an agent, officer, or employee of the corporation, or that he was connected in any way with the management, or direction of the business of appellant. Mr. Farrow's relation, if any, to the corporation, is not shown by this evidence. A corporation is bound only by the acts of its agents acting within the line and scope of their agency. To bind a corporation by the acts of a person, there must be evidence at least tending to prove that such person was the agent or employee of the corporation. Smith v. Plank Road Co., 30 Ala. 650. Brush Electric L. & P. Co. v. City Council of Montgomery, 114 Ala. 433, 21 South. 960.

Under this evidence the court erred in giving the affirmative charge for the plaintiff, and under the evidence as presented to us, the court should have given the affirmative charge for the defendant.

It is unnecessary for us to discuss the other assignments of error.

Reversed and remanded.